# CIRCUIT COURT OF THE CITY OF WINCHESTER

Direct Mail Specialist, Inc.

v.

J. A. Bayliss & Associates, Inc.

July 2, 1981

Case No. (Law) L-1339

By JUDGE HENRY H. WHITING

After a careful consideration of [the] oral argument, the statutes cited and the pleadings, it is my opinion that Virginia Code § 14.1-185, providing for security by plaintiff in favor of any defendant "for the payment of the costs *and damages*. . . which may be awarded to the defendant" (emphasis added) must be construed to include only those damages which arise out of the institution and defense of the suit and not include money damages which might be claimed in a counter-claim for breach of contract by any such defendant.

I base my conclusion upon the following considerations:

(1) The words "and damages" are ambiguous as to the type of damages contemplated.

(2) As pointed out by plaintiff, this particular Code section is included in the title in the Code providing for "costs, fees, salaries and allowances," and the specific chapter under which this section falls is entitled "Costs Generally." While the title does not necessarily control the construction of a statute and if the statute in question was unambiguous, the specific language would override the possible inconsistent title; in this case the Court believes there is some significance in the position of the statute and the title under which it falls.

(3) The legislature has waived the requirement of such costs if a person is a poor person as defined in

Virginia Code § 14.1-183. The Court believes that such a poor person would also be excused from "damages" as well by the express provisions of the Code section in dispute. In such a situation, it would seem unusual that a poor person could defend a counterclaim without posting a bond, whereas one who was not poor and presumably would be able to respond in damages would be required to post such a bond under defendant's construction.

(4) The Court believes that the legislature intended the damages to be only those damages which might accrue by reason of the defendant's having to defend himself in the action but it was not intended to create an extra remedy and assurance of recovery should the defendant avail himself voluntarily of the Court processes seeking affirmative relief by way of a counterclaim. If the legislature had intended to create this additional remedy, the Court believes it would have been more explicit in doing so.

(5) The policy of the Courts should always be to provide free access to any litigant and the Courts ought not to limit that access in the absence of clear legislative intent to do so.